David **HEARD** et al., Plaintiffs-Appellants,

v.

**Roy LOWE, Mayor of Homer, Louisiana,** et al., Defendants-Appellees.

No. 29732.

United States Court of Appeals, Fifth Circuit.

June 2, 1970.

Stanley A. Halpin, Jr., George M. Strickler, Jr., New Orleans, La., Paul Kidd, Monroe, La., for appellants.

George H. Robinson, City Atty. of Homer, Homer, La., for appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

Plaintiffs-Appellants sought and received a temporary injunction in the court below restraining and enjoining the defendants from denying the plaintiffs their first amendment rights to "peaceably, orderly and in a civil manner, parade, march, or picket in the town of Homer, Louisiana", and further, from denying the plaintiffs their applications to conduct such activities "provided that said application or applications are made timely, are reasonable, and are conducted in a civil, orderly, and peaceful march or parade over a safe route."

The relief above granted is severely limited, however, by a handwritten addition to the court's order of April 22, 1970, by restricting such activities to Wednesday afternoons and then for a maximum of two hours. Plaintiffs-Appellants appeal from that limitation and move this court for summary reversal or, in the alternative, an injunction of such restriction pending appeal.

While this court is fully cognizant of the district court's power and discretion in imposing conditions on equity fashioned relief, we cannot conduct meaningful review on a record which grants the relief prayed for in one part and substantially emasculates the effectiveness of that relief in another, all in the absence of findings of fact and conclusions of law as required by F.R.Civ.P. 52(a).

Accordingly, that portion of the district court's order restricting the plaintiffs' right of peaceful assembly to Wednesday afternoons is vacated and remanded with directions to promptly conduct an evidentiary hearing, if such is deemed necessary, on the necessity of the restriction so imposed. The determina-

tion so made shall be supported by findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a).

This court will retain jurisdiction of the within cause on appeal and plaintiffs-appellants' motions for summary reversal or, in the alternative, injunctive relief pending appeal shall be held in abeyance pending receipt of formal findings by the court below.

Vacated in part, remanded with directions.